# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MIMUN (A/K/A JONATHAN MAYMON) and RONN BENHARAV,<br><br>Defendants. | Case No. 2:21-cv-01314-ART-MDC<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT DEFENDANTS MIMUN AND BENHARAV** |

The Securities and Exchange Commission ("SEC") has filed a Complaint against Defendants Jonathan Mimun ("Mimun") and Ronn BenHarav ("BenHarav"). Mimun and BenHarav failed to appear or otherwise respond to the Complaint and the Clerk entered an order of default against them on September 9, 2022. ECF No. 17. The SEC filed a Motion for Entry of Default Judgment against each Defendant, ECF No. 18, who did not oppose the motion or otherwise respond. On March 29, 2024, the Court granted the SEC's motion and entered judgment against Defendants. ECF No. 20. The SEC subsequently filed a Motion to Amend the Judgment, ECF No. 21, which neither Defendant opposed.

Having reviewed the SEC's Motion for Entry of Default Judgment and the Motion to Amend the Judgment, and being duly advised, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the SEC's Motion to Amend the Judgment against Mimun and BenHarav is GRANTED.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either

Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either

Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are permanently restrained and enjoined from, directly or indirectly, controlling any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) who violates Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(a)(1) [15 U.S.C. §78o(b)], unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly or recklessly providing substantial assistance to any broker or dealer which is either a person other than a natural person or a natural person not

associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) who violates Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(a)(1) [15 U.S.C. §78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav are jointly and severally liable for disgorgement of $25,777,909.10, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,324,621.53, and that Mimun is liable for a civil penalty in the amount of $12,888,954.00 pursuant to Section 20 of the Securities Act [15 U.S.C. §§77t(d)(2)(C)] and Section 21 of the Exchange Act [15 U.S.C. §78u(d)(3)(B)(iii)], and that BenHarav is liable for a civil penalty in the amount of $12,888,954.00 pursuant to Section 20 of the Securities Act [15 U.S.C. §§77t(d)(2)(C)] and Section 21 of the Exchange Act [15 U.S.C. §78u(d)(3)(B)(iii)]. Defendants shall satisfy these obligations by paying these amounts to the Securities and Exchange Commission within 30 days.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds,

together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, neither Defendant shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by each Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by each Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by each Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Mimun and BenHarav (including but not limited to, through any entity they own, operate, manage or control) are permanently restrained and enjoined from, (a) directly or indirectly, inducing or attempting to induce the purchase or sale of binary options, security-based swaps, or other securities over the Internet, via email or other forms of electronic communication; (b) directly or indirectly causing any person or entity to engage in any activity that is for the purpose of inducing or attempting to induce the purchase or sale of binary options, security-based swaps, or other securities over the Internet, via email or other forms of electronic communication; (c) deriving compensation from any activity inducing or attempting to induce the purchase or sale of binary options, security-based swaps, or other securities over the Internet, via email or other forms of electronic communication; but (d) not from buying or selling securities for their own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: April 26, 2024

_____
UNITED STATES DISTRICT JUDGE